UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD WHITE,<br><br>        Plaintiff,<br><br>    v.<br><br>SACRAMENTO PUBLIC DEFENDER'S OFFICE, et al.,<br><br>        Defendants. | No. 2:14-cv-1289 TLN AC P<br><br>ORDER AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). However, because the court finds that this complaint is subject to summary dismissal, a filing fee will not be assessed.

<u>Screening Requirement</u>

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

2  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
3  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
4  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
5  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
6  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
7  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
8  Cir. 1989); Franklin, 745 F.2d at 1227.

9  A complaint must contain more than a "formulaic recitation of the elements of a cause of
10 action;" it must contain factual allegations sufficient to "raise a right to relief above the
11 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading
12 must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]
13 a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and
14 Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual
15 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,
16 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility
17 when the plaintiff pleads factual content that allows the court to draw the reasonable inference
18 that the defendant is liable for the misconduct alleged."  Id.

19 In reviewing a complaint under this standard, the court must accept as true the allegations
20 of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740
21 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in
22 the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

23 Plaintiff's Allegations

24 Plaintiff names the Sacramento (County) Public Defender's Office, Melissa McElheney
25 and Robert Woodard as defendants.  Plaintiff alleges that although Melissa McElheney (of the
26 Sacramento County Public Defender's Office) was assigned as his counsel (in a criminal matter),
27 he never accepted her as his counsel and "went back to pro per."  He claims that the visitors' log
28 at the Sacramento County Main Jail will show that she made an "illegal contact" with him in

December of 2013 because there should only have been one legal visit which should have occurred only after she had been assigned to represent him. Plaintiff complains that because McElheney told the court that he had prison priors, the court added a year to his sentence. She also told the court that plaintiff might have more priors but that she did not have his file with her. Complaint, ECF No. 1 at 3-4.

On September 4th of an unidentified year, plaintiff alleges that Robert Woodard, also apparently from the Public Defender's Office, "cussed [plaintiff] out and threw paper-work at [him]." Plaintiff further claims that an audio and video recording "reveals" that his counsel allowed the district attorney to slander him and accuse plaintiff of rape and sodomy at a bail hearing in open court with his family members in attendance. Id. at 4.

For relief, plaintiff wants the defendants "rights to counsel taken" and "full" (but unspecified) "compensation." He also wants "Sacramento County and State of CA held responsible." Id. at 3. In essence, what plaintiff alleges is that his counsel provided him ineffective assistance of counsel.

<u>No Cognizable Claim Under § 1983</u>

Plaintiff may be seeking to challenge his criminal conviction or sentence on grounds of ineffective assistance of counsel, for which an action under 42 U.S.C. § 1983 is not the appropriate vehicle.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500[] (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

<u>Muhammad v. Close,</u> 540 U.S.749, 750-752 (2004) (per curiam). Plaintiff does not challenge the conditions of his confinement, and his claims therefore must be dismissed.

In order to state a claim under section 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the act complained of was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the

3

Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 27, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Public defenders do "not act under color of state law for purposes of § 1983 when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). This court finds that plaintiff has failed to state a claim under § 1983 because the only named defendants were not acting under color of state law.

To the extent plaintiff seeks compensation from the State of California and intended to name the state as a defendant, plaintiff is informed that the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) ( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the state are frivolous and must be dismissed.

Summary Dismissal

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004) (citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")). The undersigned can discern no manner in which the defects of the complaint could be cured by amendment. The court will recommend summary dismissal of this action without leave to amend for plaintiff's failure to state a claim.

Request for Appointment of Counsel

Plaintiff has requested appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the

voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). In this instance, because the court must recommend a summary dismissal of this action because plaintiff's allegations lack merit altogether, the court does not find the requisite exceptional circumstances to warrant appointment of counsel and the request will be denied.

Accordingly, IT IS ORDERED that plaintiff's request for the appointment of counsel (ECF No. 8) is denied.

IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 2, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE